**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Aviva USA Corporation, an Iowa corporation; Aviva Brands Limited, a United Kingdom limited company,<br><br>    Plaintiffs,<br><br>vs.<br><br>Anil Vazirani, an individual; Vazirani & Associates Financial, LLC, an Arizona limited liability company; Secured Financial Solutions, LLC, an Arizona limited liability company; James Regan, an individual; Regan & Associates, LLC, an Arizona limited liability company,<br><br>    Defendants.<br><br>Anil Vazirani, an individual; Vazirani & Associates Financial, LLC, an Arizona limited liability company; and Secured Financial Solutions, LLC, an Arizona limited liability company,<br><br>    Counterclaimants,<br><br>Aviva USA Corporation, an Iowa Corporation; and Aviva Brands Limited, a United Kingdom limited company,<br><br>    Counterdefendants. | No. CV-11-0369-PHX-JAT<br><br>**ORDER** |

      Pending before the Court is Plaintiffs' Motion for Attorneys' Fees and Related Expenses (Doc. 113). In a previous order, this Court found that Plaintiffs Aviva USA

1 Corporation and Aviva Brands Limited ("Aviva") are entitled to sanctions against
2 Defendants Anil Vazarani, Vazirani & Associates Financial LLC, Secured Financial
3 Solutions, LLC (the "Vazirani Defendants"), James Regan, and Regan and Associates, LLC
4 (the "Regan Defendants") for bad faith spoliation of evidence.  The Court found that Aviva
5 is entitled to "reasonable attorneys' fees incurred in connection with [the motion for
6 sanctions] and seeking spoliated evidence." (Doc. 101 at 14).  The Court ordered the Parties
7 to confer in good faith and, if no agreement as to reasonable attorneys' fees could be reached,
8 directed Plaintiffs to file a motion for attorneys' fees in compliance with the Local Rules of
9 Civil Procedure.  Plaintiffs now move this Court for an award of those fees and related
10 expenses.  (Doc. 113 and Doc. 114).

### I. REASONABLENESS OF FEE AWARD

Having found that sanctions are appropriate, the Court must determine whether the amount of fees requested is reasonable.

#### A. Legal Standard

In assessing the reasonableness of a sanctions award based upon attorneys' fees and costs, a court must inquire into the reasonableness of the attorneys' fees and the costs. *Brown v. Baden (In re Yagman)*, 796 F.2d 1165, 1184–85 (9th Cir. 1986); *see also Mirch v. Frank*, 266 F. App'x 586, 588, 2008 WL 341429, at *2 (9th Cir. 2008) ("[r]easonableness is the benchmark for sanctions based on attorneys' fees").  The Court has broad discretion in determining what fees and costs are reasonable.  *See Leon v. IDX Sys. Corp.*, 464 F.3d 951, 961 (9th Cir. 2006).

Local Rule of Civil Procedure 54.2 requires that motions for attorneys' fees must (1) specify the amount of fees and costs sought; (2) discuss the moving party's eligibility and entitlement for the requested expenses; (3) discuss the reasonableness of the requested award; (4) provide supporting documentation; and (5) give an itemized account of the time expended and expenses incurred.  LRCiv. 54.2.

Once a party submits an itemized list of fees with sufficient detail and establishes entitlement to fees, the burden then shifts to the party challenging the fees to show that they

1  are unreasonable. The response must separately identify each and every disputed time entry
2  or expense item. LRCiv 54.2(f).

### B. Aviva's Claimed Fees

Aviva claims they are entitled to attorneys' fees and related expenses in the amount of $249,254.42. (Doc. 113 at 1). This is broadly divided into three categories: attorney and paralegal fees for preparing the Spoliation Motion and the fees motion ($151,847.45); expenses for a computer expert to aid in preparing the motions ($41,274.30); and attorney and paralegal fees for discovery related to seeking spoliated evidence ($56,132.67). (Doc. 114 at 2). This third category has been determined by dividing Aviva's overall litigation fees by the fees incurred regarding the spoliation motion, and then applying this ratio to the fees incurred by Aviva in conducting discovery after evidence of spoliation first came to light on May 17, 2011. (Doc. 114 at 2-3). Aviva's attorneys have provided an itemized list of fees and related expenses for the case, and an explanation of why they are reasonable as required under LRCiv 54.2(d)(2). Thus, the burden shifts to Defendants to demonstrate why the claimed fees and expenses are unreasonable.

### C. Defendants' Response

Defendants challenge several of the claimed expenses. Specifically, they challenge the inclusion of fees spent working on Aviva's application for fees, the inclusion of fees incurred by eleven hours spent working on motions to exceed page limitations, and a lack of detail in the entries regarding the expert expenses. (Doc. 144 at 6-7, 9). More generally, Defendants challenge excessive review and revision entries, duplication of attorney effort, a lack of specificity regarding individual tasks, block billing and the lumping of time entries, and the way at which Aviva arrived at their discovery fees. (Doc. 144 at 6, 8-9, 10-12).

### D. Reasonableness

The Court will first examine Defendants' challenges to the presumptive amount of $249,254.42.

#### i. Motions to Exceed Page Limits

The Defendants challenge the entries regarding motions to exceed page limitations.

- 3 -

1  Specifically, Defendants argue that such motions are typically written from templates, and
2  should not take as long as the 11 hours claimed. (Doc. 144 at 7). The Court agrees that the
3  time spent was excessive. Additionally, the motions are only tangentially related to the
4  motion for sanctions. As such, the Court reduces Aviva's award by $1,949.70, the amount
5  listed for work on these motions.

### ii. Costs For Fee Application

7  Defendants broadly challenge the inclusion of the fees Aviva incurred in preparing
8  their motion for fees. The Court will not approve of Aviva's request for fees incurred in
9  preparing the motion for fees and expenses. In its January 10, 2012 Order (Doc. 43), the
10 Court did not state that Aviva would be entitled to the recovery of such fees. Local Rule
11 54.2(c)(2) states that "[i]f the moving party claims entitlement to fees for preparing the
12 motion and memorandum for award of attorneys' fees and related non-taxable expenses, such
13 party also must cite the applicable legal authority supporting such specific request." LRCiv
14 54.2(c)(2). Although Aviva does cite to authority for awarding such fees under other fee-
15 shifting rules, they have failed to do so for sanctions under the Court's inherent power. (Doc.
16 114 at 10) (citing *Anderson v. Director, Office of Workers Compensation Programs*, 91 F.3d
17 1322, 1325 (9th Cir. 1996) (holding that time spent preparing the fee application must be
18 included in reasonable fees under federal fee-shifting statutes)). Defendants submit that the
19 amount claimed for this preparation is $15,921.95. (Doc. 144-3 at 2). Accordingly, the Court
20 reduces Aviva's claimed entitlement by $15,921.95.

### iii. The Expert's Time

22 Defendants also challenge the entries regarding the computer expert retained by
23 Aviva. Defendants argue that nothing in Aviva's motion reveals what this expert time was
24 spent on, and hence, whether it was reasonable cannot be determined. (Doc. 144 at 9). The
25 Court agrees. It is possible that the Court could have found that the expense of retaining Mr.
26 Reinmuth was reasonable if more detail had been provided. However, the Court will not
27 allow expenses to be claimed without such detail. LRCiv 54.2(e)(3) ("Failure to itemize and
28 verify costs may result in their disallowance by the court"). Consequently, the Court reduces

1  Aviva's claimed entitlement by $49,080.90, including the attorneys' fees incurred in
2  corresponding with Mr. Reinmuth.

### iv. Plaintiffs' Discovery Costs

Defendants broadly challenge the way at which Aviva arrived at the figure of $56,132.67 for its discovery fees related to the spoliated evidence. They argue that using the percentage of total fees expended on the spoliation motion and applying it to the discovery costs is arbitrary and speculative. (Doc. 144 at 11). Aviva acknowledges that arriving at the correct figure is "more complicated," but then fails to actually attempt to link any discovery fees to the spoliated evidence itself. (Doc. 114 at 2). Although some percentage of the total discovery is certainly related to the spoliated evidence, it is not the Court's role to guess at an adequate number without further guidance from Aviva. Nor must Defendants challenge each individual discovery item, when the detail for the amount claimed is deficient. The Court thus awards nothing for discovery fees and will reduce Aviva's claimed entitlement by $56,132.67.

### v. Billing In General

The Defendants broadly challenge all of the claimed fees as wasteful and not specific enough. For example, they argue that Aviva improperly included all time spent preparing for oral argument on the spoliation motion, when the argument included two other motions. (Doc. 144 at 6, 14-15). However, they fail to point to more than a few highlighted entries, and thus do not meet their burden to oppose with specificity each disputed time entry. LRCiv 54.2(f). The Defendants also cite to a 1984 case in this district as authority for denying all aggregate fees requested. (Doc. 144. at 8) (citing *Metro Data Sys., Inc. v. Durango Sys., Inc.*, 597 F. Supp. 244 (D. Ariz. 1984)). That decision points to specific examples of the kinds of aggregate fees Defendants requested in that case. But the Court is not required to analyze all 98 pages of line entries to determine which are duplicate efforts. Nor is it required to look at every entry to determine which are excessive. It is Defendants' burden to challenge fees with specificity.

Defendants suggest an across-the-board reduction to account for these problems, and

cite to *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942 (9th Cir. 2009), to support such a reduction. However, the holding in that case remanded the block billing issue because the reduction applied by the district court failed to identify which hours were actually block billed. *Id.* at 948. Defendants have failed to identify which hours were actually duplicative, merely labeling the duplicate billing "pervasive." (Doc. 144 at 9). As such, the Court will not apply a reduction for allegedly duplicative billing.

## II.     AMOUNT OF SANCTIONS

As described above, the proper amount of sanctions is the claimed amount ($249,254.42), less the discovery-related fees ($56,132.67), the motion for page limit fees ($1,949.70), the fee application fees ($15,921.95), and the expert's expenses ($41,274.30) and related fees ($7,806.60). The amount Aviva is entitled to is thus $126,169.20. The Court is satisfied that this amount represents a sufficient sanction in attorneys' fees for Defendants' misconduct in spoliating evidence, and shall serve as an adequate deterrent to future misconduct.

## III.     ALLOCATION OF SANCTIONS

The Court finds the Vazirani Defendants and Regan Defendants equally culpable for the spoliation of evidence, and further finds that they should bear the sanction jointly and severally.

## IV.     CONCLUSION

Accordingly,

**IT IS ORDERED** that Plaintiffs' Motion for Attorneys' Fees and Related Expenses (Doc. 113) is granted in the amount of $126,169.20.

DATED this 28th day of June, 2012.

James A. Teilborg
United States District Judge