**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Aviva USA Corporation, an Iowa corporation; Aviva Brands Limited, a United Kingdom limited company,<br><br>Plaintiffs,<br><br>vs.<br><br>Anil Vazirani, an individual; Vazirani & Associates Financial, LLC, an Arizona limited liability company; Secured Financial Solutions, LLC, an Arizona limited liability company; James Regan, an individual; Regan & Associates, LLC, an Arizona limited liability company,<br><br>Defendants. | No. CV 11-0369-PHX-JAT<br><br>**ORDER** |

Pending before the Court are: Defendants Anil Vazirani, Vazirani & Associates Financial, LLC, Secured Financial Solutions, LLC (collectively the "Vazirani Defendants"), and James Regan and Regan & Associates, LLC's (collectively the "Regan Defendants") Motion for Attorneys' Fees (Doc. 241) and Plaintiffs' Motion to Amend the Clerk's Judgment (Doc. 243). The Court now rules on the motions.

**I.  Background**

Aviva is one of the largest insurance companies in the world and serves customers in the life insurance and annuity sector. Though the Vazirani Defendants once sold Aviva's life insurance and annuity products under an agreement with certain affiliates of Aviva, that

relationship has been terminated. Defendant Anil Vazirani, Aviva, and other related parties are presently engaged in a series of legal disputes arising out of the termination of the contractual relationship between Mr. Vazirani and Aviva.

In the present lawsuit, Aviva's amended complaint alleged both federal and state claims of trademark infringement and racketeering. (Doc. 42). On May 10, 2012, the Court granted Defendants' Motion for Judgment on the Pleadings regarding the federal Racketeer Influenced and Corrupt Organizations Act ("RICO") claim. (Doc. 169). On October 2, 2012, the Court granted Defendants' Motion for Summary Judgment and entered judgment in favor of all Defendants on the remaining claims. (Doc. 237). Defendants now move for attorneys' fees pursuant to 15 U.S.C. § 1117(a) of the Lanham Act and Arizona Revised Statutes sections 13-2314.04(A) & (N).

## II. Discussion

### A. Attorneys' Fees under the Lanham Act

Under the Lanham Act, "[t]he Court in exceptional cases may award reasonable attorney fees to the prevailing party." 15 U.S.C. § 1117(a). The Ninth Circuit construes the "exceptional" standard narrowly. *Gracie v. Gracie*, 217 F.3d 1060, 1071 (9th Cir. 2000). This requirement is met "when the non-prevailing party's case is groundless, unreasonable, vexatious, or pursued in bad faith." *Id.* (internal quotation marks omitted). "A case is not exceptional simply because the court granted summary judgment; otherwise, every Lanham Act case in which a summary judgment motion was granted would be considered an 'exceptional' case." *Sand Hill Advisors, LLC v. Sand Hill Advisors, LLC*, No. C 08-5016 SBA, 2010 WL 8500520, at *3 (N.D. Cal. Sept. 20, 2010). Furthermore, the prevailing party must provide "compelling proof" that the case is "exceptional." *Applied Info. Sciences Corp. v. eBay, Inc.*, 511 F.3d 966, 973 (9th Cir. 2007).

Defendants argue that Aviva's Lanham Act claims were groundless, unreasonable, and vexatious because they dealt with "non-commercial First Amendment-protected speech" that criticized Aviva. (Doc. 241 at 3).

### 1. Groundless or Unreasonable

- 2 -

1       A claim is groundless or unreasonable if it fails to raise "debatable issues of law and 2 fact." *Stephen W. Boney, Inc. v. Boney Servs., Inc.*, 127 F.3d 821, 827 (9th Cir. 1997). A 3 claim is legally groundless if there is "no legal basis for the claim itself, which instead rests 4 on absurd or just short of frivolous contentions of law." *Brown v. Elec. Arts, Inc.*, 722 F. 5 Supp. 2d 1148, 1152 (C.D. Cal. 2010). A claim is factually groundless if there is "no 6 reasonable basis to believe in the factual allegations underlying the claim." *Id.*

7       Defendants allege that Aviva's suit is groundless because Aviva's purpose in initiating 8 the suit was to harass Defendants and suppress their right to non-commercial free speech. 9 (Doc. 247 at 9). Defendants further contend that the relief sought by Aviva was "overbroad" 10 and that Aviva never attempted to gather evidence of consumer confusion. (*Id.* at 10-11). 11 Defendants argue that these deficiencies, along with the Court's grant of summary judgment 12 in favor of Defendants, demonstrates that Aviva's claims were groundless and unreasonable.

13       Although the Court ultimately rejected Aviva's Lanham Act claims, that alone does 14 not mean that Aviva's case was groundless or unreasonable. Aviva had a reasonable basis 15 for claiming that Defendants' conduct violated the Lanham Act. Aviva has a protectable 16 interest in its registered AVIVA mark and its trade dress. (Doc. 237 at 10). Defendants were 17 using Aviva's mark and trade dress, and had registered four domain names referencing Aviva 18 when Aviva filed the complaint, a number that increased to fourteen by the time the Court 19 granted summary judgment. (*Id.* at 5-6). Aviva's evidence of confusion consisted of users 20 who experienced temporary confusion over the source of the website before realizing that 21 it did not originate from Aviva. (Doc. 237 at 26). Although the Court found no infringement 22 because Defendants' use of the mark was non-commercial, the claims were not groundless 23 since Aviva presented evidence of confusion, though some of it was inadmissible hearsay 24 testimony. (*Id.* n.8). Furthermore, Aviva's decision not to conduct consumer surveys is not 25 sufficient to prove that the claims are groundless. *See CG Roxane, LLC v. Fiji Water Co.,* 26 *LLC*, No. C-07-02258 RMW, 2008 WL 4542803, at *3 (N.D. Cal. Oct. 10, 2008) ("The 27 plaintiff's failure to conduct consumer surveys or provide sufficient evidence for its claims 28 does not mean the claims were unreasonable or groundless."). The fact that there was

insufficient evidence to overcome Defendants' motion for summary judgment does not mean that the claims were groundless.

While the Court determined that Defendants' use of Aviva's mark was non-commercial, Aviva's assertions to the contrary were not groundless. The Court relied on *Bosley Medical Institute, Inc. v. Kremer*, involving a dissatisfied customer, not a competitor. 403 F.3d 672 (9th Cir. 2005). However, Aviva cited to persuasive authority in support of its argument that the challenged speech was commercial because a competitor's website used the plaintiff's trademarks. (Doc. 237 at 12). Moreover, Defendants acknowledge that they offer services in competition with Aviva. (*Id.* at 3). Therefore, although Aviva's position was not ultimately meritorious, their arguments were not groundless.

Defendants argue that Aviva's prayer for relief seeking an injunction prohibiting Defendants from "making or issuing any false, misleading, or commercially disparaging communication regarding Plaintiffs or their business associates" demonstrates Aviva's ulterior motive to suppress their free speech. (Doc. 42 at 27). Aviva's complaint alleged that its objective was to protect the goodwill in Aviva's marks. (*Id.* at 9). "Plaintiff's desire to protect such interests is a legitimate one." *Sand Hill Advisors*, 2010 WL 8500520 at *4. While the request for relief in the First Amended Complaint is broad, it does not make the claims groundless and unreasonable. Based on the foregoing, Aviva's claims raised debatable issues of law and fact; therefore, the claims were not groundless and unreasonable.

### 2. Vexatious

A prevailing defendant may be awarded attorneys' fees if the plaintiff "initiated or conducted the litigation vexatiously or unjustifiably." *Brown*, 722 F. Supp. 2d at 1154. Litigation is "vexatious" when a party greatly increases the cost or burden on the opposing side with baseless or frivolous filings. *Id.* Defendants do not allege specific conduct of Aviva's that is vexatious; rather, Defendants simply state that the entire lawsuit was baseless. (Doc. 247 at 6). This assertion does not provide "compelling proof" that Aviva acted unjustifiably. Therefore, Aviva's conduct was not vexatious.

Aviva's claims were not groundless or unreasonable, and the litigation was not

1 conducted vexatiously. Accordingly, the Court denies the motion for attorneys' fees as to the
2 Lanham Act claims.

### B.     Attorneys' Fees under Arizona's Anti-Racketeering Statute

#### 1.     Entitlement to Fees

Under Arizona's anti-racketeering statute ("AZRAC"), a prevailing defendant "may be awarded costs and reasonable attorney fees incurred in defense of that claim." Ariz. Rev. Stat. Ann. § 13-2314.04(A). Furthermore, "[i]f the court determines that the filing of any pleading, motion or other paper under this section was frivolous or that any civil action or proceeding was brought or continued under this section in bad faith, vexatiously, wantonly or for an improper or oppressive reason, it shall award a proper sanction to deter this conduct in the future that may include . . . costs of investigation and reasonable attorney fees." Ariz. Rev. Stat. Ann. § 13-2314.04(N). However, under Arizona Revised Statutes section 13-2314.04(M), "[n]otwithstanding subsection A . . . a court shall not award costs, including attorney fees, if the award would be unjust because of special circumstances, including the relevant disparate economic position of the parties or the disproportionate amount of the costs . . . to the nature of the damage."

In *Lifelite Medical Air Transport, Inc. v. Native American Air Services, Inc.*, the defendant, who competed with the plaintiff in the air ambulance industry, prevailed at trial on racketeering claims. 7 P.2d 158, 160 (Ariz. Ct. App. 2000). The Court awarded attorneys' fees pursuant to Arizona Revised Statutes Annotated sections 13-2314.04(A) & (N). *Id.* at 162.[1] In the present case, Defendants prevailed on the AZRAC claim in summary judgment and now request costs and attorneys' fees. Aviva contends that this case involves "special circumstances" that would make it "unjust" to award costs and attorneys' fees under

---

[1] The Arizona Court of Appeals, without any analysis, held: "Defendants have requested an award of attorneys' fees on appeal pursuant to Arizona Revised Statutes Annotated sections 13-2314.04(A) & (N). Because Defendants have prevailed on the racketeering claim on appeal, we grant their request for fees incurred in defending against the racketeering claim." *Lifelite*, 7 P.2d at 162.

- 5 -

subsection (M) because Defendants spoliated evidence and escalated their activities after being sued. (Doc. 254 at 26). However, the circumstances that Aviva describes are not sufficient to qualify under the statute; accordingly, the Court rejects Aviva's argument that the award would be unjust because of "special circumstances." Therefore, under Arizona Revised Statutes Annotated section 13-2314.04(A), Defendants are entitled to reimbursement of their reasonable attorneys' fees.

The Vazirani Defendants further claim that they are entitled to attorneys' fees under Arizona Revised Statutes section 13-231.04(N), which only applies if Aviva litigated in "bad faith, vexatiously, wantonly or for an improper or oppressive reason." The Vazirani Defendants cite to the Court's May 9, 2012 Order granting the Vazirani Defendants' Motion for Judgment on the Pleadings as evidence that Aviva's racketeering claims were groundless. (Doc. 247 at 5 n.3). However, a grant of judgment on the pleadings is not sufficient to demonstrate that Aviva brought the action in bad faith, vexatiously, wantonly, or for an improper or oppressive reason. Accordingly, the Vazirani Defendants are not entitled to fees, and Aviva will not be sanctioned, under Arizona Revised Statutes Annotated section 13-2314.04(N).

### 2. Reasonableness of Fees

Under Arizona Revised Statutes section 13-2314.04(A), the Court may award Defendants "costs and reasonable attorney fees" incurred defending the AZRAC claim. Defendants argue that the RICO and AZRAC claims were "factually and legally inseparable."[2] (Doc. 247 at 7). In granting summary judgment, this Court found:

> Both the RICO and the AZRAC claims were based on identical alleged predicate acts of extortion, forgery, and wire fraud. [Doc. 42 at 24-26.] Defendants moved for judgment on the pleadings with regard to only the RICO claim, and the Court granted that motion. Doc. 169. In doing so, the Court held that

---

[2] The Ninth Circuit Court of Appeals held that prevailing defendants are not entitled to attorneys' fees pursuant to § 1964(c) of the RICO statute, however recovery of fees for racketeering claims under a state racketeering statute is not precluded. *Chang v. Chen*, 95 F.3d 27, 28 (9th Cir. 1996).

- 6 -

> the alleged acts of extortion, forgery, and wire fraud did not meet RICO's continuity requirement under the standard announced in [*H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229 (1989)]. Based on the Arizona Court of Appeals' holding in *Lifeflite*, under which this Court must also apply the *H.J. Inc.* continuity standard to Aviva's AZRAC claim, Aviva's allegations with respect to that claim are necessarily also insufficient because they involved identical alleged predicate acts.
>
> The conclusion is no different at the summary judgment stage. Aviva's allegations that Defendants engaged in a pattern of racketeering activity are simply not supported by the evidence. In the Court's Order of May 10, 2012, the Court held that Aviva had properly alleged only one predicate act of extortion, and assumed that Aviva had sufficiently alleged acts of wire fraud and forgery. As the Court discussed in that Order, even if the Court assumes that Aviva can prove acts of extortion, forgery, and wire fraud, these acts together do not constitute a pattern under the H.J. Inc. framework[.]

(Doc. 237 at 31). As Defendants explain, "the court dismissed the AZRAC claim for the same reasons, and based on the exact same arguments, it dismissed the RICO claim at the pleadings stage." (Doc. 247 at 7). Accordingly, the AZRAC and RICO claims are inextricably interwoven. However, Defendants do not provide a reason for not moving for judgment on the pleadings for the AZRAC claims at the same time that they did for the RICO claims, even though the AZRAC claims could have been dismissed on the same grounds. Because the Defendants state that "Aviva's federal and state law racketeering claims were based on the exact same set of facts, had the exact same elements, were necessarily researched together, and the arguments developed were used to defeat both claims" (Doc. 247 at 8), the Defendants are entitled to reasonable reimbursement from May 23, 2011, when Aviva filed a motion to amend the complaint (Doc. 32), until May 10, 2012, when the Court granted judgment on the pleadings in favor of the Defendants on the RICO claim (Doc. 169).

Once a party submits an itemized list of fees with sufficient detail and establishes entitlement to fees, the burden then shifts to the party challenging the fees to show that the fees are unreasonable. *Nolan v. Starlight Pines Homeowners Ass'n*, 167 P.3d 1277, 1286 (Ariz. Ct. App. 2007). When determining if a fee award is reasonable, the Court must consider the hourly fee and the number of hours worked. *Schweiger v. China Doll*

*Restaurant, Inc.*, 673 P.2d 927 (Ariz. Ct. App. 1983). Aviva challenges both the Vazirani Defendants' attorneys' fees and the Regan Defendants' attorneys' fees for failure to comply with LRCiv 54.2 and for being unreasonable.

Local Rules of Civil Procedure 54.2 sets forth the specific guidelines regarding claims for attorneys' fees in the District of Arizona. Under LRCiv 54.2(b)(1), "the party seeking an award of attorneys' fees . . . shall file and serve a motion for award of attorneys' fees." In addition to the motion, the party must include supporting documentation consisting of: 1) a Statement of Consultation; 2) a copy of a fee agreement or statement that there is no fee agreement; 3) a fee statement providing the required description of services rendered; 4) an affidavit of moving counsel; and 5) "[a]ny other affidavits or evidentiary matter deemed appropriate . . . or required by law." LRCiv 54.2(d)(1)-(5). The affidavit by moving counsel must provide: 1) "Background[;]" 2) "Reasonableness of Rate[;]" and 3) "Reasonableness of Time Spent and Expenses Incurred." LRCiv 54.2(d)(4)(A)-(c).

### A. Reasonableness of the Vazirani Defendants' Request

Aviva objects to the reasonableness of the hours claimed by the Vazirani Defendants. Aviva argues that the Vazirani Defendants' expert costs cannot be recovered because they are not a "taxable cost." (Doc. 254 at 26). Aviva also states that the Vazirani Defendants are not entitled to fees for preparing and filing the fee motion because they did not cite any applicable authority as required by LRCiv 54.2(c). (*Id.*) In addition, Aviva argues that the fees should be reduced because the entries suffer from at least one of twenty listed defects, most based on the requirements of LRCiv 54.2. (*Id.* at 27-28).

The Vazirani Defendants request an award of attorneys' fees of $573,086.09.[3] The Vazirani Defendants are not entitled to $139,377.50 in fees incurred defending the Lanham

---

[3] The Vazirani Defendants' Memorandum Supporting the Motion for Attorneys' Fees requests $545,238.00 (Doc. 247 at 16); however, their supporting documentation included $573,086.09 of incurred attorneys' fees (Exhibits 1-6). The Court will use the itemized statement of fees from the supporting documentation in analyzing the reasonableness of the attorneys' fees.

- 8 -

1  Act claims. In addition, $107,705.00 in fees were incurred outside the specified time frame
2  from which the Vazirani Defendants are entitled to recover on the racketeering claims.

3  Under Arizona Revised Statutes section 13-2314.04(A), the Court may award
4  Defendants "costs and reasonable attorney fees" incurred defending the AZRAC claim.
5  There are no cases interpreting "costs" as used in this statute. However, the Supreme Court
6  of Arizona held that recoverable "costs" are "taxable costs" under A.R.S. § 12-332, and that
7  "no provision was made for the allowance of expert witness fees." *State v. McDonald*, 352
8  P.2d 343, 351 (Ariz. 1960); *see also Stewart v. Lee-Stewart, Inc.*, 425 P.2d 118, 122 (Ariz.
9  Ct. App. 1967) (holding that "recoverable costs in a civil action are a creature of statute, and
10 unless provided for by statute, are not recoverable"). Instead, recoverable costs are the fees
11 associated with non-expert witnesses attending trial. *McDonald*, 352 P.2d at 351. Because
12 Arizona Revised Statutes sections 12-332 and 13-2314.04(A) do not provide for recovery
13 of expert costs, the Vazirani Defendants cannot recover the $65,472.90 in expert costs from
14 Navigant.

15 The Vazirani Defendants' requested award includes an additional $50,000 for unbilled
16 work on the Motion for Attorneys' Fees. (Doc. 247 at 15). Aviva objects to these fees
17 because the Vazirani Defendants failed to cite authority supporting such a request, as
18 required by LRCiv 54.2(c). (Doc. 254 at 28). In their Reply, the Vazirani Defendants cite
19 *Career Agents Network* in support of the request. However, *Career Agents Network* is
20 distinguishable because, in that case, the defendant provided an itemized statement of the
21 fees incurred on the motion, whereas in the present case the Vazirani Defendants request
22 money to cover their unbilled, anticipated fees. 722 F. Supp. 2d at 825. The request for fees
23 for the Motion for Attorneys' Fees also violates LRCiv 54.2(e) because the Vazirani
24 Defendants do not provide an itemized statement of the fees or amount of time expended for
25 the Court to assess the reasonableness of the amount. In addition, the Vazirani Defendants
26 claim $2,880.00 in fees incurred by DB2 Consulting Services on November 30, 2012;
27 however, no invoice or documentation is provided for the entry, preventing the Court from
28 determining whether these fees are reasonable. Therefore, the Vazirani Defendants cannot

1 recover the unbilled $50,000 and undocumented $2,880.

2 The Vazirani Defendants' fees will be further reduced for not adhering to LRCiv 54.2.
3 The party seeking attorneys' fees must adequately describe the services rendered so that "the
4 reasonableness of the charge can be evaluated." LRCiv 54.2(e)(2). If the descriptions are
5 incomplete, "the court may reduce the award accordingly." *Id.* The Vazirani Defendants
6 failed to separate the services rendered between the Lanham Act and racketeering claims, or
7 were not specific enough in their descriptions for the Court to determine the reasonableness
8 for entries totaling $17,837.50. In addition, the itemized statement included $5,832.50 in fees
9 incurred on different matters or that were inaccurate entries and, therefore, are not
10 recoverable. The Vazirani Defendants also violated LRCiv 54.2(e)(2)(D) by charging
11 $11,862.50 of air travel time using block billing. Due to the block billing, the Court is unable
12 to distinguish the fees incurred for travel from the other fees in the entries. Therefore, the
13 Court will not include the time entries regarding travel in the award. Finally, the Vazirani
14 Defendants failed to submit background information on two attorneys,[4] who incurred
15 $3,230.00 in fees, in violation of LRCiv 54.2(d)(4)(A). Therefore, the award is reduced
16 accordingly and the Vazirani Defendants are entitled to $168,888.19 in attorneys' fees.

### B. Reasonableness of the Regan Defendants' Request

18 Aviva asserts that the Regan Defendants' fees are unrecoverable under LRCiv 54.2
19 because the Regan Defendants did not: 1) file a motion for attorneys' fees; 2) file a
20 supporting memorandum; 3) consult with counsel from Aviva; 4) include any fee agreement
21 or a statement that no fee agreement exists; and 5) include a statement that the fees were
22 reasonable and necessary to represent the Regan Defendants. Doc. 254 at 25-26.

23 The Court rejects Aviva's first argument that the Regan Defendants cannot recover
24 fees simply because they joined in the Vazirani Defendants' Motion for Attorneys' Fees and
25 Costs and did not file a separate motion. However, Aviva's other procedural objections have

---

[4] The Vazirani Defendants specify the attorneys who incurred the fees by initials; however, they do not provide a description for "PSC" or "BAB" in their supporting affidavit.

- 10 -

merit. The Regan Defendants did not submit a supporting memorandum detailing their "eligibility," "entitlement," and the "reasonableness of the requested award," as required by LRCiv 54.2(c)(1)-(3). The Regan Defendants did not include a statement of consultation, even though the Local Rules specifies that "[n]o motion for award of attorneys' fees will be considered unless a separate statement of the moving counsel is attached to the supporting memorandum." LRCiv 54.2(d)(1); *see also In re Elegant Custom Homes, Inc.*, No. CV 06-2574-PHX-DGC, 2007 WL 1991673, at *1 (D. Ariz. July 5, 2007) (denying motion for attorneys' fees for failure to file Statement of Consultation). Furthermore, the Regan Defendants did not include the fee agreement or statement that no fee agreement exists. LRCiv 54.2(d)(2).

However, in Reply, the Regan Defendants included a Supplemental Affidavit providing the fee agreement to remedy this deficiency. *See Schrum v. Burlington Northern Santa Fe Railway Co.,* No. CIV 04-0619-PHX-RCB, 2008 WL 2278137, at *3 (D. Ariz. May 30, 2008) (overlooking procedural deficiencies when the defendant supplies the required information in a supplement to its application for attorneys' fees). The affidavit states that the requested award is a "reasonable value for the time and effort expended and the legal services provided," and provides a very brief background on moving counsel, as required by LRCiv 54.2. (Doc. 248 at 2-3).

The Regan Defendants' failure to include a statement of consultation, to provide a memorandum in support of the motion, and their insufficient itemized fee statement are significant defects under LRCiv 54.2. In addition, the Regan Defendants did not differentiate the services rendered between the Lanham Act claims and the racketeering claims. Rather, they argue that all of the claims "arose from the same fact pattern[;]" therefore, there was no way to divide the services provided between the different claims. (Doc. 260 at 4). While the Lanham Act claims and the racketeering claims arose from the same incident, the legal claims and facts needed to prove each claim are distinct. The Regan Defendants should have recorded the specific claim for which the services were rendered so that "the reasonableness of the charge can be evaluated." LRCiv. 54.2(e)(2). The requirements of LRCiv 54.2 "are not

1 advisory, but mandatory." *Societe Civile Succession Richard Guino v. Beseder Inc.*, No. CV
2 0301310-PHX-MHM, 2007 WL 3238703, at *7 (D. Ariz. Oct. 31, 2007). Because the Regan
3 Defendants' request for attorneys' fees does not comply with LRCiv 54.2, the Court denies
4 the Regan Defendants' Joinder in Vazirani Defendants' Motion for Attorneys' Fees.

### III. Plaintiffs' Motion to Amend the Clerk's Judgment

Plaintiffs seek to amend the Clerk's Judgment to include the sanctions awarded against Defendants on June 28, 2012 in the amount of $126,169.20. (*See* Doc. 101 and Doc. 201). Defendants do not oppose the amendment of the Judgment, but request that the amended judgment reflect any attorneys' fees that they might be entitled to in addition to the sanctions awarded against them. Accordingly, the Court will grant the Motion to Amend the Clerk's Judgment as set forth below.

### IV. Conclusion

Accordingly,

**IT IS ORDERED** that Anil Vazirani, Vazirani & Associates Financial, LLC, and Secured Financial Solutions, LLC's Motion for Attorneys' Fees (Doc. 241) is granted in the amount of $168,888.19.

**IT IS FURTHER ORDERED** that James Regan, and Regan & Associates, LLC's Joinder in Vazirani Defendants' Motion for Attorneys' Fees (Doc. 242) is denied.

**IT IS ORDERED** that Plaintiffs' Motion to Amend the Clerk's Judgment (Doc. 243) is granted as follows:

///

//

/

The Clerk of the Court shall amend the Judgment (Doc. 238) to include the sanctions award in favor of Plaintiffs and against Defendants in the amount of $126,169.20 and the attorneys' fees award in favor of the Defendants Anil Vazirani, Vazirani & Associates Financial, LLC, and Secured Financial Solutions, LLC and against Plaintiffs in the amount of $168,888.19.

DATED this 16th day of August, 2013.

*/s/ James A. Teilborg*
James A. Teilborg
Senior United States District Judge